IN THE UNITED STATES COURT OF FEDERAL CLAIMS

―――――――――

Nos. 13-402, 13-917, 13-972, 13-935, 14-174, 14-93, 14-175, and 14-47

(Judge Thomas Wheeler)

ALTA WIND I OWNER-LESSOR C, *et al.*,

                                                                        Plaintiffs,

v.

THE UNITED STATES,

                                                                         Defendant.

―――――――――

DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
TREASURY AND NREL WITNESS TESTIMONY
AND RELATED EXHIBITS

―――――――――

Defendant moves *in limine* to exclude from testifying at trial four individuals involved in the administrative review of plaintiffs' Section 1603 applications and to exclude from evidence related exhibits, because they offer no relevant evidence to the Court and are therefore inadmissible.  In particular, the Court should exclude the testimony of proposed witnesses George Hoffman, Donald Settle, Judson Jaffe, and Ellen Neubauer, each of whom is or was an employee or contractor of the Department of the Treasury (Treasury) or the Department of Energy, and Plaintiffs' Exhibits 80, 81, 83, 84, 104, 131-151, 163, 184, 188, 205, and 220.  (Pl. Trial Witness List [Dkt. 110]; Pl. Ex. List [Dkt. 108].)

As a simple legal matter, neither the proposed testimony nor the exhibits can have any relevance to the issues in this consolidated action.  "Resolution of these issues depends solely on application of the pertinent law to the facts of this case," and these witnesses have no personal

knowledge of those facts. *Flamingo Fishing Corp. v. United States,* 31 Fed. Cl. 655, 658 (1994)*, quoting Garity v. United States,* No. CIV. 9-72624, 1980 WL 1765, at *2 (E.D. Mich. May 20, 1980). The only information these witnesses and documents can conceivably offer about the Alta Wind projects pertains to the administrative review of the applications for the Section 1603 payment. But that review, along with any associated policies or determinations, is legally irrelevant in these *de novo* proceedings.

For the reasons set out below, the testimony and exhibits are inadmissible under Federal Rules of Evidence (FRE) 402, 602, and 802 and should be excluded. To let these individuals testify would waste trial time and confuse the issues, in violation of FRE 403, and the United States therefore brings this motion *in limine* in order to "'expedite and render efficient a subsequent trial.'" *Stobie Creek Investments, LLC v. United States*, 81 Fed. Cl. 358 (2008) (quoting *Baskett v. United States*, 2 Cl. Ct. 356, 367-68 (1983), *aff'd,* 790 F.2d 93 (Fed. Cir. 1986) (table)).

## BACKGROUND

These consolidated cases involve the determination of plaintiffs' eligible cost basis in the Alta Wind projects, six neighboring wind-power generating projects in California, under Section 1603 of the American Recovery and Reinvestment Tax Act of 2009. Pub. L. No. 111-5, 123 Stat. 115, 364-66 (2009), as amended by § 707 of the Tax Relief, Unemployment Insurance Reauthorization, and Job Creation Act of 2010, Pub. L. 111-312, 124 Stat. 3296, 3312 (2010) ("Section 1603"). Under Section 1603, the amount of the payments to which plaintiffs are entitled is thirty percent of their cost basis in tangible, eligible energy property. § 1603(b)(1), (b)(2)(A), (d)(1); 26 U.S.C. § 48(a)(5)(D); § 45(d)(1). Accordingly, as this Court has recognized, the resolution of plaintiffs' claims and defendant's counterclaims depends solely on

the determination of plaintiffs' appropriate cost basis in the § 1603-eligible property. That determination does not involve any consideration by this Court of the administrative review or associated policies.

**Plaintiffs' Trial Witness List**

Plaintiffs' Trial Witness List includes four individuals involved in the administrative review of plaintiffs' applications: George Hoffman and Donald Settle, as fact witnesses that plaintiffs "[w]ill [c]all," and Judson Jaffe and Ellen Neubauer, as fact witnesses that plaintiffs "[m]ay [c]all." (Pl. Trial Witness List (Dkt. 110) at 1-3.) These proposed witnesses are connected to the Alta Wind projects only through their involvement in the administrative review of the Alta Wind applications submitted by plaintiffs for the payments at issue in these cases. Mr. Hoffman was and Mr. Settle is employed by the government contractor that operates NREL.[1] Mr. Jaffe and Ms. Neubauer are employees of Treasury. Mr. Jaffe is a Fiscal Affairs Specialist at Treasury who works on the Section 1603 Program. Ms. Neubauer is Treasury's Director of the Office of Housing and Energy, which administers the Section 1603 Program.

Plaintiffs' interest in the testimony of these individuals arises from their involvement in the administrative review of the Alta Wind applications. Plaintiffs intend for Mr. Hoffman and Mr. Settle to testify concerning "NREL's review of and conclusions regarding the Alta Wind I-VI grant applications and application materials" and "action taken with respect thereto" and "related topics." (*Id*. at 1-2.) As the subject matter for Mr. Jaffe's possible testimony, plaintiffs

---

[1] George Hoffman was and Donald Settle is employed by Alliance for Sustainable Energy LLC, the managing and operating contractor of the National Renewable Energy Laboratory (NREL), a national laboratory of the Department of Energy (DOE). Under an interagency agreement between Treasury and DOE, NREL assists Treasury in reviewing Section 1603 applications.

list "Treasury's review of and action taken with respect to the Alta Wind I-VI grant applications and application materials, and related topics." (*Id.* at 3.) Similarly, plaintiffs state that they may call Ms. Neubauer to testify about "Treasury's review of and actions taken regarding the Alta Wind I-VI grant applications and application materials," as well as "the treatment of [Power Purchase Agreements] in connection with cash grant applications" and "related topics." (*Id*. at 3.) There is no suggestion that any of these witnesses has personal knowledge about the Alta Wind projects.[2]

### **Plaintiffs' Exhibit List**

Plaintiffs' Exhibit List (Dkt. 108) includes the following categories of documents, each of which relates to Treasury's or NREL's review of the Alta Wind applications or to a Private Letter Ruling:

- Exhibits 80, 81, 83, 84, 104, and 163: Emails among Treasury and NREL employees (including George Hoffman, Donald Settle, Judson Jaffe, and Ellen Neubauer) regarding review of the Alta Wind applications.

- Exhibits 131 through 151, inclusive, and 205: Internal Treasury review checklists for the Alta Wind I-V Owner Lessor Section 1603 applications and the Alta VI Section 1603 applications.

- Exhibit 184, 188, and 220: Emails from Charles Ramsey (a former attorney in the Office of the Chief Counsel of the Internal Revenue Service [IRS]), and an IRS Case History summary reflecting IRS discussion related to a Private Letter Ruling on power purchase agreements ("PPAs").

### ARGUMENT

The testimony that plaintiffs intend to elicit from George Hoffman, Donald Settle, Judson Jaffe, and Ellen Neubauer, and the exhibits listed and described above, are inadmissible because

---

[2] In the interest of cooperation, defendant consented to depositions of these individuals, including a 30(b)(6) regarding the administrative review process, during discovery in this case, while maintaining its relevance objections. The testimony at all these depositions makes clear that these individuals have no information relevant to the Court's *de novo* determination.

they are not relevant.  *See* Fed. R. Evid. 402.  Evidence is only relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Here, plaintiffs' proposed witnesses and exhibits have no information of consequence to determining this action.

As noted above, the resolution of plaintiffs' claims and defendant's counterclaims in these cases depends on the determination of plaintiffs' eligible cost basis in the Alta Wind projects.  The Court will make that determination *de novo*. *Alta Wind I Owner-Lessor C v. United States*, 125 Fed. Cl. 8, 10, 11 (2016) (Order on Def.'s Mot. to Amd. Pleadings to Add Countercls.) (Dkt. 87); *W.E. Partners II, LLC v. United States*, 119 Fed. Cl. 684, 690 (2015), *aff'd per curiam*, ___ Fed. Appx. ___, 2016 WL 463580 (Fed. Cir. Feb. 5, 2016) (mem.) ("the Court reviews [a Section 1603 applicant's] claim *de novo*").  Under a *de novo* standard of review, the Court determines both questions of fact and issues of law "anew" – that is, as if there had been no prior consideration of the matter.  It gives no consideration to the process, concerns, and conclusions of any administrative review.

Here, after trial, the Court will interpret and apply the pertinent legal authorities to the facts related to the Alta Wind projects.  In doing so, the Court may not consider the factual findings or legal determinations made by Treasury or NREL in their consideration of the Alta Wind applications, just as in a tax refund suit the Court may not consider the factual or legal conclusions made by the IRS.  *See Vons Cos., Inc. v. United States*, 51 Fed. Cl. 1, 5-6 (2001), *modified*, No. 00-234T, 2001 WL1555306 (Fed. Cl. Nov. 30, 2001), *abrogation on other grounds recognized by Alpha I, L.P. ex. rel. Sands v. United States*, 83 Fed. Cl. 279 (2008); *Cook v. United States*, 46 Fed. Cl. 110, 113 (2000).  Instead, the Court will make an independent decision as to plaintiffs' eligible cost basis.  *Cf. D'Avanzo v. United States*, 54 Fed. Cl. 183, 186

(2002) ("[A tax refund suit] is not an appellate review of the administrative decision that was made by the IRS; instead, the Court must make an independent decision as to whether the taxpayer is due a refund." (internal citation omitted)).

The testimony plaintiffs intend to elicit from George Hoffman, Donald Settle, Judson Jaffe, and Ellen Neubauer, and the information contained in the exhibits described above, can have no impact on this determination. They are thus irrelevant and should be excluded. Neither NREL's "review of," "conclusions regarding," and "action taken with respect [to]," the Alta Wind applications and application materials nor Treasury's "review of" and "action[s] taken with respect to [or regarding]" such applications and application materials has any bearing on plaintiffs' claims and defendant's counterclaims in these cases. (*See* Pl. Trial Witness List [Dkt. 110] at 1-3.) As the Court of Federal Claims has previously explained, "the analytical framework utilized by Treasury in determining plaintiff's Section 1603 grant is not a relevant factor for determining the proper cost basis of plaintiff's wind power facility." *California Ridge Wind Energy LLC v. United States,* Op. on Mot. to Compel, Fed. Cl. No. 14-250, Dkt. 62 at 12 n.5, 2015 WL 9302944 at *6 n.5 (Dec. 21, 2015). *Cf. R.E. Dietz Corp. v. United States*, 939 F.2d 1, 4 (2d Cir. 1991) ("The factual and legal analysis employed by the Commissioner [of the IRS] is of no consequence to the district court."); *Flamingo Fishing*, 31 Fed. Cl. at 658 (IRS agents' opinions and conclusions "are irrelevant"); *Garity*, 1980 WL 1765, at *2 ("opinions, impressions, conclusions and reasoning of IRS agents are irrelevant").

The witnesses do not possess any personal knowledge of the facts relevant to the Court's decision, and their testimony about them would thus violate FRE 602.[3] Their knowledge of

---

[3] Additionally, to the extent plaintiffs intend to question the proposed witnesses about facts about the Alta Projects, such testimony would also be inadmissible hearsay under FRE 802.

those facts is based upon what they were told by the plaintiffs in their applications and during the administrative review process.[4]  Because they cannot provide direct facts, all plaintiffs can elicit from them are their *thoughts and impressions* about those facts.  But what Treasury or NREL, or individual personnel, considered or concluded in connection with plaintiffs' applications is completely irrelevant.  Their thoughts and impressions about plaintiffs' Section 1603 claims, even as part of the formal review process, are not permissible evidence in this case.  *See Detroit Screwmatic Co. v. United States*, 49 F.R.D. 77, 79 (S.D.N.Y. 1970) (IRS "opinions as to the proper method to be applied . . . form no part of the plaintiff's case").  Thus, the reason that plaintiffs want these individuals to testify is the very reason to exclude them.[5]

Plaintiffs will prevail on all or part of their claims only if the Court determines that plaintiffs' eligible cost basis entitles them to additional funds.  Conversely, defendant will prevail on all or part of its counterclaims only if the Court determines that plaintiffs' eligible cost basis means that they were overpaid.  The Court will independently determine the appropriate amount of plaintiffs' eligible cost basis and then, in entering judgment, will compare the resulting Section 1603 payment to the amount plaintiffs have already received.

Plaintiffs' proposed testimony regarding "[Treasury's] treatment of [Power Purchase Agreements] in connection with cash grant applications" is also irrelevant. (*See* Pl. Trial Witness List [Dkt. 110] at 3.)  To the extent that plaintiffs intend the foregoing language to refer to

---

[4] These witnesses had no involvement with the underlying facts of this case – the circumstances surrounding the construction and sale of the wind energy projects.

[5] Plaintiffs' pre-trial brief suggests, for example, that plaintiffs intend to educe information about individual government personnel's views on KPMG's reputation and about "rules of thumb" that might have been used in reviewing applications. (*See* Pl. Pretrial Mem. (Dkt. 111) at ¶¶ 139, 141.) But these topics are precisely the type of information that is irrelevant under a *de novo* standard of review. The review process has no bearing on the *de novo* determination of eligible cost basis.

Treasury's treatment of Power Purchase Agreements for purposes of analyzing the *Alta Wind* applications, it is irrelevant for the same reason that the other aspects of Treasury's review of the Alta Wind applications are – that is, because the Court is not conducting an appellate review of Treasury's decisions with respect to the Alta Wind applications.  If, on the other hand, plaintiffs mean for this topic to refer to Treasury's treatment of Power Purchase Agreements in connection with its administrative review of *other* Section 1603 applications, the information is even further removed from the issues in these cases and, thus, is also immaterial.  As this Court explained in another case concerning § 1603 payments, "the rationality of [Treasury's] rulings on other unrelated Section 1603 applications . . . [is] beyond the scope of plaintiff's burden of proof or the government's obligations as defendant in this suit." *California Ridge,* Dkt. 62 at 9, 2015 WL 9302944, *4 (denying as irrelevant discovery into Treasury's actions regarding applications unrelated to the plaintiffs); *see also W.E. Partners II, LLC*, 119 Fed. Cl. at 692 (stating that "a prior favorable reimbursement is not binding for future Treasury interpretations of Section 1603") (citing *Vons,* 51 Fed. Cl. at 10 n.10).

Similarly, the information contained in Exhibits 184, 188, and 220 – concerning a Private Letter Ruling – is not material to the issues in these cases.  The Private Letter Ruling in question was revoked by the IRS and thus is not in effect.  Even if it were, a Private Letter Ruling cannot be cited as precedent.  *See* Internal Revenue Code (26 U.S.C.) § 6110(k)(3); *Amergen Energy Co., LLC ex rel. Exelon Generation Co., LLC v. United States*, 94 Fed. Cl. 413, 419 (2010) (". . . PLRs cannot be used or cited as precedent; they cannot be used to advance a particular interpretation of the Internal Revenue Code . . . ; and they cannot be used 'for their substance.'" (citing and quoting *Vons Cos.,* 51 Fed. Cl. at 12)).  Thus, internal discussions concerning the

PLR, or its subsequent revocation, can have no possible bearing on the Court's determination of plaintiffs' eligible cost basis in these cases.

In short, neither the testimony that plaintiffs intend to elicit from these individuals nor the exhibits described above have any tendency to make any fact that is of consequence in these consolidated cases more or less likely than it would be without such evidence, and they are, therefore, irrelevant.[6] *See* Fed. R. Evid. 401.  Just as trials in tax refund suits do not feature testimony from IRS witnesses about the Service's policies or audit determinations, the Court in this case may not hear testimony from administrative review of applications or associated policies.[7]

To permit plaintiffs to put on such evidence would cloud and confuse the issues at trial with irrelevant testimony and exhibits. It would also unnecessarily waste trial time – not only the hours that plaintiffs spend with such witnesses, but by the even greater amount of testimony the United States would be required to put forward if the Court permits such evidence, in order to give the full picture of the administrative review process, rather than the cherry-picked pieces plaintiffs deem to be of use to their case.

---

[6] The United States does not assert that testimony from Treasury and/or NREL witnesses will be irrelevant in all cases that include a claim under Section 1603.  In a case currently pending before this Court – *LCM Energy Solutions v. United States* (Fed. Cl. No. 12-321 C) – for example, such information is potentially relevant to the United States' defense under the Forfeiture Of Fraudulent Claims Act and the United States' counterclaim under the False Claims Act. (*See* Defendant/Counter-Plaintiff's Memorandum of Contentions of Fact and Law, *LCM Energy Solutions v. United States*, No. 12-321 C (Fed. Cl. March 24, 2016), Dkt. 87.)  Both of those statutes explicitly implicate the representations made by the claimant to the agency, and thus agency testimony is legally relevant. The claims and counterclaims in this action are premised solely on Section 1603, however, and do not raise any issues with respect to which Treasury's review would be material.

[7] Indeed, discovery into administrative audit, review, and practice is generally not permitted.  Admission at trial requires meeting an even higher standard.

Accordingly, the Court should exclude from testifying at trial the witnesses and exclude from consideration for admission into evidence the exhibits.  Fed. R. Evid. 402.

## CONCLUSION

For the foregoing reasons, the Court should grant this motion *in limine* and exclude plaintiffs' listed Treasury and NREL witnesses and the enumerated exhibits.

To the extent that the Court disagrees, defendant reserves the right to call to testify at trial any of the witnesses discussed above that plaintiffs do not call, in order to ensure that the evidence at trial accurately represents Treasury's and NREL's consideration of the Alta Wind applications.  As we have explained above, however, the Court should find that no such evidence is relevant to its decision.

                              Respectfully submitted,

April 15, 2016          *s/ Michael J. Ronickher*
                             MICHAEL J. RONICKHER
                             Attorney of Record
                             U.S. Department of Justice
                             Tax Division
                             Court of Federal Claims Section
                             Post Office Box 26
                             Ben Franklin Post Office
                             Washington, D.C. 20044
                             Tel:  (202) 616-9085
                             Fax: (202) 514-9440
                             Michael.J.Ronickher@usdoj.gov

                             CAROLINE D. CIRAOLO
                               Acting Assistant Attorney General
                             DAVID I. PINCUS
                               Chief, Court of Federal Claims Section
                             G. ROBSON STEWART
                               Assistant Chief, Court of Federal Claims Section
                             MIRANDA BUREAU
                               Trial Attorney, Court of Federal Claims Section
                             MARGARET E. SHEER
                               Trial Attorney, Court of Federal Claims Section
                             KAREN E. SERVIDEA
                               Trial Attorney, Court of Federal Claims Section

April 15, 2016          *s/ G. Robson Stewart*
                                Of Counsel